UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.:9:25-CV-804 77

MARCIA GILKES, as grandmother and legal guardian of

Z.A., a Minor,

    Plaintiffs,

vs.

SCHOOL DISTRICT OF PALM BEACH COUNTY;

SCHOOL BOARD OF PALM BEACH COUNTY;

MICHAEL J. BURKE, in his official capacity as

Superintendent of the School District of Palm Beach

County and in his individual capacity;

LOXAHATCHEE GROVES ELEMENTARY SCHOOL; and

NANCY NORTON, in her individual capacity; and,

ALAJAH TENSLEY, in her individual capacity,

    Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff **MARCIA GILKES**, as the legal guardian of Z.A. a minor, and, hereby files this Complaint by and through the undersigned counsel against the above-named Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY; Defendant SCHOOL BOARD OF PALM BEACH COUNTY, DEFENDANT MICHAEL J. BURKE, in his official

1

capacity as Superintendent of the School District of Palm Beach County and in his individual capacity; Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL; and, Defendant NANCY NORTON, a teacher, in her individual capacity, and ALAJAH TENSLEY, in her individual capacity for causing the physical abuse of a disabled child Z.A. on April 25, 2023 for which Plaintiff now seeks damages, and in support thereof alleges as follows:

## VENUE, JURISDICTION, AND PARTIES

1. This action is brought pursuant to Florida's statutes, 42 U.S.C. § 12132, the Americans with Disabilities Act, and 29 U.S.C. § 794, § 504 of the Rehabilitation Act. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiffs have complied with all condition's precedent set forth by the state of Florida pursuant to Florida Statute 768.28.

2. Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY owns and operates Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL.  Defendant SCHOOL BOARD OF PALM BEACH COUNTY and DEFENDANT MICHAEL J. BURKE, in his official capacity as Superintendent of the School District of Palm Beach County, and in his individual capacity; also operate and supervise Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL and is organized and existing under the laws of the state of Florida, and operating and conducting business in Palm Beach County, Florida.  Defendant PALM BEACH COUNTY SCHOOL DISTRICT employs Defendant NANCY NORTON as a teacher at Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL.

3. Defendant SCHOOL BOARD OF PALM BEACH COUNTY is the board of education governing the SCHOOL DISTRICT OF PALM BEACH COUNTY the public-school system for all of Palm Beach County.   The School Board has the power to issue policies at Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL.  The School Board, School

2

District, and School are not entitled to sovereign immunity under the Eleventh Amendment. *Travelers Indem. Co. v. Sch. Bd. of Dade Cnty., Fla.*, 666 F.2d 505, 509 (11th Cir. 1982).

4. DEFENDANT MICHAEL J. BURKE, in his official capacity as Superintendent of the School District of Palm Beach County and in his individual capacity is responsible for supervision of the Palm Beach County School District's LOXAHATCHEE GROVES ELEMENTARY SCHOOL.

5. Defendant NANCY NORTON was a resident of Palm Beach County, Florida, at the time of the incident and was employed by the Palm Beach County School District as a teacher at Loxahatchee Elementary School and was in the course and scope of her employment at the time of the incident and in the furtherance of the school's business interest. Defendant ALAJAH TENSLEY was a resident of Palm Beach County, Florida, at the time of the incident and was employed by the Palm Beach County School District as a teacher at Loxahatchee Elementary School and was in the course and scope of her employment at the time of the incident and in the furtherance of the school's business interest.

6. Z.A., a minor, was a resident of Palm Beach County, Florida, at the time of the subject incident. Plaintiff Z.A. is a four-year-old Black student enrolled in the School District of Palm Beach County. He is a student with a disability and qualifies for an Individualized Education Plan and has been diagnosed with a specific learning disability. Plaintiff MARCIA GILKES is Z.A.'s grandmother and legal guardian and she brings this lawsuit on Z.A.'s behalf.

7. Plaintiff MARCIA GILKES is the natural grandmother of Z.A., a minor, and is his legal guardian, and she was a resident of Palm Beach County, Florida, at all times material to the subject incident and as of today's date.

8. All of the acts or omissions giving rise to this action occurred in Palm Beach County, Florida.

9. Venue is proper in Palm Beach County, Florida as the incident arises out of Palm Beach County, and Defendants operate businesses and/or a governmental agency and/or reside and/or work in Palm Beach County, Florida.  See 28 U.S.C. § 1391(b)-(c).

10. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney's fees.

## FACTUAL ALLEGATIONS

11. On or about April 25, 2023, Z.A., an African American minor was a disabled student attending Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL located at 16020 Okeechobee Blvd, Loxahatchee, Florida 33470.  Z.A. was placed on an individualized educational plan due to his learning disability.

12. On April 25, 2023, Defendant Nancy Norton, a teacher employed by the Defendant School District of Palm Beach County, led minor child Z.A. to the restroom where she assaulted, battered, and abused Z.A. by holding his head over a toilet while saying, "I believe this is where you spit" in a threatening manner as punishment for arguing with a classmate.  Defendant Norton continued the abuse and discrimination and left the 4-year-old minor and disabled child to sleep on the bathroom floor.  Upon information and belief, the teacher abused him because of his race and disability.

13. On May 8, 2023, Plaintiff the principal of Defendant Loxahatchee Groves Elementary School, informed Plaintiff that Defendant Norton took Z.A. to the bathroom and assaulted, battered, abused and discriminated against him again, and held his head over the toilet following an incident in which Mr. Austin vomited on a child.  Defendant Norton told him, "I believe this is where you

4

defecate."  Upon information and belief, the teacher abused him again because of his race and disability.  Despite having actual knowledge of child abuse, Defendant School District of Palm Beach County, Defendant School Board of Palm Beach County, Defendant Superintendent, and the Principal all failed to conduct a proper investigation into the incident, failed to discipline and/or terminate the teacher, and failed to take action to ensure minor child Z.A. did not continue to suffer abuse.

14. Minor child Z.A. regularly suffered abuse at Loxahatchee Groves Elementary School.  On February 8, 2023, that Z.A. came home from school and his fingernail had a contusion.  Plaintiff reached out to Defendant Norton to inquire about Mr. Austin's injured finger.  Defendant Norton informed Plaintiff that Z.A. banged his finger, but did not specify how or when, and did not report it to Plaintiff.  On November 28, 2023, Z.A. suffered abuse and was bitten in the classroom.  The injury left visible bruising and broke the skin.  On or about July 10, 2024, Plaintiff was told that Z.A. fell and hit his head at school, and he came home with a bruise/broke skin on his forehead.

15. On July 15, 2024, Z.A. was in the classroom and there was a substitute teacher named **ALAJAH TENSLEY**.  The incident occurred on the property of Royal Palm Beach Elementary as it ran a summer program including students enrolled at Loxahatchee Groves Elementary School.  Z.A. was trying to pull her hair and she pushed him five times and she caused him to fall backward and hit the desk injuring his back.  The incident was reported to DCF.  The DCF doctor investigated and stated that evidence comports with Z.A.'s version of events.  Plaintiff has photos of his back injury as it left visible bruising and removed some of the skin from his back causing large scabs to form and left scarring.  Upon information and belief, the teacher abused him because of his race and disability.  Once again, Defendant School Board of Palm Beach County, Defendant Superintendent, and the Principal all failed to conduct a proper investigation into the

incident, failed to discipline and/or terminate the teacher, and failed to take action to ensure minor child Z.A. did not continue to suffer abuse.

16.     Upon information and belief Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY, Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD PALM BEACH COUNTY and DEFENDANT SUPERINTENDENT MICHAEL J. BURKE, in his official capacity as Superintendent of the School District of Palm Beach County and in his individual capacity, failed to properly investigate the incidents of assault, battery, disability discrimination, race discrimination, and abuse suffered regularly by Z.A., and in particular failed to investigate the incidents involving teachers abusing Z.A. and/or discipline and/or terminate those teachers.

17.     Upon information and belief, Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY, Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD OF PALM BEACH COUNTY and DEFENDANT MICHAEL J. BURKE, in his official capacity as Superintendent of the School District of Palm Beach County and in his individual capacity, failed to train and/or supervise teachers including Defendant Norton and the substitute teacher in proper disciplinary measures so that children and/or disabled children would not be subjected to abuse, disability discrimination, and/or race discrimination.

18.     Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY, Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD OF PALM BEACH COUNTY and DEFENDANT MICHAEL J. BURKE, in his official capacity as Superintendent of the School District of Palm Beach County and in his individual capacity had notice of the danger posed to four-year-old Z.A., an African American disabled child, but failed to take any action to ensure his safety or prevent future abuse.  Upon information and belief,

Defendants failed to act to protect minor child Z.A. and/or to discipline the teachers abusing him because of his race and his disability.

19. Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY, Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD PALM BEACH COUNTY have a pattern and practice and/or custom and policy of discrimination based upon race and disability.  In 2021,  several Plaintiffs, and the Disability Rights of Florida organization and the Florida NAACP filed a lawsuit against the Defendant SCHOOL BOARD PALM BEACH COUNTY for claims of abuse, neglect, and rights violations on behalf of individuals with disabilities, including those students who are identified as individuals with disabilities or are suspected of having a disability and the Florida NAACP joined the lawsuit as it found disproportionate use of exclusionary discipline and abuse, including "other forms of school discipline," disproportionately used on Black children.

**Damages**

20. Defendants' individual and collective actions and omissions actually and proximately caused Z.A. to suffer permanent physical injuries, permanent scarring, and emotional injuries and damages.  As a result of the abuse cited above, Z.A. has been diagnosed with PTSD.

**COUNT I**

**VIOLATION OF 42 U.S.C. § 1981 FOR RACIAL DISCRIMINATION IN CONTRACT- ALL DEFENDANTS**

21. Plaintiff incorporates paragraphs 1 through 20, as if fully stated herein. This count is pled in the alternative to all other counts contained herein.  This count is pled in the alternative to all other counts contained herein.

22. Plaintiff is a member of the African American race within the meaning of 42 U.S.C.A. § 1981. At all times relevant, Plaintiff was a party in and/or beneficiary of, a contractual relationship between the Defendants, for the purpose of providing him an education within the meaning of 42 U.S.C. § 1981, as amended. The contracts include but are not limited to Defendant School Board/School District's contract with the Super Intendent, with Loxahatchee Elementary School, and with Defendant teachers.

23. Plaintiff was denied his full and equal benefits, privileges, terms, and conditions of the contractual relationships enjoyed by non-Black students, in violation of 42 U.S.C.A. § 1981, as amended.

24. Defendants individually and collectively engaged in disparate treatment and/or intentional discrimination against Plaintiff, on the basis of Plaintiff's race under 42 USC § 1981.

25. As a direct, legal, and proximate and/or "but for" cause of Defendants' discrimination in violation of Section 1981, Plaintiff suffered severe injuries and damages including conscious pain and suffering and death.

26. WHEREFORE, as a result of the above actions and inactions of Defendants, Plaintiff's minor Z.A., sustained injuries and damages including but not limited to the following: economic damages, compensatory damages, physical injuries, psychological injuries, emotional pain and suffering, past and future lost wages, attorneys' costs and fees; and, punitive damages, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00, including interest, together with costs and reasonable attorneys' fees incurred herein, and such other relief as the Court deems just and equitable.

**COUNT II**

## VIOLATION OF ADA TITLE II- AGAINST ALL DEFENDANTS

27. Plaintiff incorporates paragraphs 1 through 20, as if fully stated herein. This count is pled in the alternative to all other counts contained herein. This count is pled in the alternative to all other counts contained herein.

28. Defendant School Board, Defendant School District, Defendant Loxahatchee Elementary School are a public entities subject to Title II of the ADA and officially responsible for supervising the operations of a public entity subject to Title II of the ADA. 42 U.S.C. § 12131(1).

29. Plaintiff is a qualified individual with disabilities within the meaning of Title II of the ADA and meet the essential eligibility requirements for the receipt of services, programs, or activities of Defendants. Id. § 12131(2). Through the acts and omissions set forth above, Defendants violate Title II of the ADA and discriminate against Plaintiff by reason of his disability or their known relationship or association with individuals with disabilities by:

    a. Denying Plaintiff Children an opportunity to participate in and benefit from education services equal to that afforded to other students;

    b. Denying Plaintiff Children education services that are as effective in affording equal opportunity to obtain the same result, gain the same benefit, or reach the same level of achievement as that provided to other students;

    c. Denying Plaintiff the opportunity to receive educational programs and services in the most integrated setting appropriate to their needs;

    d. Putting Plaintiff at risk of denial of the opportunity to receive educational programs and services in the most integrated setting appropriate to their needs;

  e. Failing to reasonably modify the school's programs and services as needed to avoid discrimination against Plaintiff;

  f. Using methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of the Defendants' programs with respect to the Plaintiffs;

  g. Subjecting Z.A. to abuse due to his disability;

  h. Failing to adequately investigate incidents in which he was subjected to abuse based upon his disability and failing to discipline teachers that subjected him to abuse;

  i. Failing to adequately train teachers not to discriminate against and abuse children with disabilities;

  j. Failing to adequately train teachers not to discriminate against and abuse children with disabilities;

  30. Plaintiff did not pose a significant risk to the health or safety of others.

  31. Defendants deprived Plaintiff and have placed him at significant risk of further deprivation of participation in or the benefits of services, programs, or activities of a public entity.

  32. Defendants have demonstrated deliberate indifference, in that they were aware of substantially likely harm to Plaintiff's federally protected rights under Title II of the ADA and failed to act upon that likelihood. As a result of Defendants' violations, Plaintiffs suffered permanent physical injuries and emotional damages, including substantial losses of educational opportunities, and Plaintiff is entitled to recover damages.  conscious pain and suffering and death.

33. WHEREFORE, as a result of the above actions and inactions of Defendants, Plaintiff's minor Z.A., sustained injuries and damages including but not limited to the following: economic damages, compensatory damages, physical injuries, psychological injuries, emotional pain and suffering, past and future lost wages, attorneys' costs and fees; and, punitive damages, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00, including interest, together with costs and reasonable attorneys' fees incurred herein, and such other relief as the Court deems just and equitable.

## COUNT III

## VIOLATION OF SECTION 504 of the REHABILITATION ACT

## AGAINST ALL DEFENDANTS

34. Plaintiffs re-allege paragraphs 1-20 and 27-33 as if full set forth herein. This count is pled in the alternative to all other counts contained herein.

35. Defendant School Board, Defendant School District, Defendant Loxahatchee Elementary School has been and is a recipient of federal financial assistance sufficient to invoke the coverage of Section 504. Id. § 794(b)(3).

36. Plaintiff is a qualified individual with disabilities within the meaning of Section 504 and are or may be otherwise qualified to participate in or receive benefits from Defendants' programs or activities. 29 U.S.C. § 794(a).

37. By reason of his disabilities, Plaintiff's minor child Z.A. is being excluded from participation in, and being denied the benefits of, an educational opportunity that is equal to that afforded to other students and being subjected to discrimination by Defendants.

38. By reason of his disabilities, Plaintiff was and is subjected to discrimination by Defendants.

39. As set forth above, Defendants' actions and omissions violate Section 504 of the Rehabilitation Act of 1973.

40. Defendants have demonstrated a deliberate indifference in that they were aware of substantially likely harm to Plaintiff's federally protected rights under Section 504 and failed to act upon that likelihood.

41. As a result of Defendants' violations, Plaintiff has suffered permanent physical injuries and emotional damages, including substantial losses of educational opportunities, and Plaintiff is entitled to recover damages.

42. WHEREFORE, as a result of the above actions and inactions of Defendants, Plaintiff's minor Z.A., sustained injuries and damages including but not limited to the following: economic damages, compensatory damages, physical injuries, psychological injuries, emotional pain and suffering, past and future lost wages, attorneys' costs and fees; and, punitive damages, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00, including interest, together with costs and reasonable attorneys' fees incurred herein, and such other relief as the Court deems just and equitable.

## COUNT IV

## BATTERY –ALL DEFENDANTS

43. Plaintiff reincorporates paragraphs 1-20 as if fully set forth herein. This count is pled in the alternative to all other counts contained herein.

44. This is an action based on Defendant Norton and Defendant ALAJAH TENSLEY battery resulted in the unwanted and offensive touching with the intent to cause injury sustained

by Plaintiff Z.A., namely Defendant NORTON holding him by force over a toilet, threatening him, and leaving him to sleep on the bathroom floor, and the substitute pushing him repeatedly causing him to fall and hit his back.

45. The unlawful touching of his person resulted in a harmful and offensive unwanted bodily contact that resulted in severe and ongoing permanent injuries and damages to Plaintiff.

46. Defendant School Board, Defendant School District, Defendant Loxahatchee Elementary School are liable for the battery of Plaintiff and is vicariously liable as employer of Defendant Norton and Defendant ALAJAH TENSLEY.

47. Defendant Norton and Defendant ALAJAH TENSLEY actually and proximately caused Plaintiff to suffer ongoing and permanent injuries and damages.

48. WHEREFORE, as a result of the above actions and inactions of Defendant, Plaintiff sustained injuries and damages including but not limited to the following: economic damages, compensatory damages, physical injuries, psychological injuries, emotional pain and suffering, past and future lost wages, attorneys' costs and fees; and, punitive damages, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00, including interest, together with costs and reasonable attorneys' fees incurred herein, and such other relief as the Court deems just and equitable.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

49. Plaintiff incorporates paragraphs 1 through 20 as if fully stated herein. This count is pled in the alternative to all other counts contained herein.

50. This is an action for intentional infliction of emotional distress brought pursuant to the laws of the state of Florida against all Defendants.

51. Defendant Norton directed and otherwise caused Plaintiff to experience deliberate or reckless infliction of mental suffering by physically abusing him, psychologically abusing him, holding his head over a toilet while threatening him and leaving him to sleep in a bathroom. Defendant ALAJAH TENSLEY directed and otherwise caused Plaintiff to experience deliberate or reckless infliction of mental suffering by physically abusing him pushing him into a desk injuring his back. Defendant Norton and Defendant ALAJAH TENSLEY's actions were outrageous conduct and beyond the bounds of decency in a civilized society.

63. Defendant Norton and Defendant ALAJAH TENSLEY's misconduct caused the severe mental and psychological suffering and damages experienced by Plaintiff.

64. Defendant School Board, Defendant School District, Defendant Loxahatchee Elementary School, are liable for the intentional infliction of emotional distress of Plaintiff and is vicariously liable as employer of Defendant Norton and Defendant ALAJAH TENSLEY.

65. Defendant Norton and Defendant ALAJAH TENSLEY's actions and omissions actually and proximately caused Plaintiff to suffer ongoing and permanent injuries and damages.

66. WHEREFORE, as a result of the above actions and inactions of Defendants, Plaintiff's minor Z.A. sustained injuries and damages including but not limited to the following: economic damages, compensatory damages, physical injuries, psychological injuries, emotional pain and suffering, attorneys' costs and fees; and, punitive damages, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00, including interest, together with costs and reasonable attorneys' fees incurred herein, and such other relief as the Court deems just and equitable.

## COUNT VI

## NEGLIGENCE

### DEFENDANT SCHOOL DISTRICT OF PALM BEACH COUNTY, DEFENDANT LOXAHATCHEE GROVES ELEMENTARY SCHOOL, DEFENDANT SCHOOL BOARD OF PALM BEACH COUNTY AND DEFENDANT MICHAEL J. BURKE

67. Plaintiff incorporates paragraphs 1 through 20 as if fully stated herein. This count is pled in the alternative to all other counts contained herein.

68. This is an action brought against Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY, Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD OF PALM BEACH COUNTY and DEFENDANT MICHAEL J. BURKE, for negligence.

69. At all times material hereto, Defendant NORTON and Defendant TENSLEY was an employee and/or agent of Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY, Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD OF PALM BEACH COUNTY, and acting within the course and scope of their employment with same, in furtherance of the interest of Defendants, and with Defendant's consent; and as such, Defendants are liable for all of its employees and/or agents' acts and omissions that gave rise to this action, including the actions and inactions of Defendant Superintendent as a decision maker and policy maker for the school district.

70. Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY, Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD OF PALM BEACH COUNTY, and COUNTY and DEFENDANT MICHAEL J. BURKE owed a duty to Z.A. to act in a prudent and reasonable manner with regard to his health and safety while attending school. Likewise, Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY,

Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD OF PALM BEACH COUNTY, and COUNTY and DEFENDANT MICHAEL J. BURKE owed a ministerial duty to provide safe operations and a safe environment for children at school free of abuse, racism, and discrimination based upon disability, and to establish proper policies, customs, and regulations to execute those duties.  Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD OF PALM BEACH COUNTY, and COUNTY and DEFENDANT MICHAEL J. BURKE owe a duty to properly train and supervise its employees yet failed to do so.

71. Defendant LOXAHATCHEE GROVES ELEMENTARY SCHOOL, Defendant SCHOOL BOARD OF PALM BEACH COUNTY, and COUNTY and DEFENDANT MICHAEL J. BURKE, failure to provide safe operations and a safe environment for children at school free of abuse, racism, and discrimination based upon disability, and to establish proper policies, customs, and regulations to execute those duties, and to train and supervise its staff, actually and proximately caused injury to Z.A.

72. Plaintiff **MARCIA GILKES**, as grandmother and legal guardian of minor child Z.A.; is entitled to damages pursuant to Florida statutes, including but not limited to the following:

      (a)    Award compensatory damages to Plaintiff;

      (b)    Award costs of this action to Plaintiff;

      (c)    Economic damages;

      (d)    Emotional pain and suffering;

      (e)    Award reasonable attorneys' fees and costs to Plaintiff;

      (f)    Loss of past and future support and services with interest;

    (g)    Any and all past and future medical expenses for bodily injury and/or emotional injury stemming from the incidents; and

    (h)    Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **MARCIA GILKES**, are entitled to damages pursuant to Florida law and Federal Law including but not limited to the following:

:

    (a)    Award compensatory damages to Plaintiff;

    (b)    Award costs of this action to Plaintiff;

    (c)    Economic damages;

    (d)    Emotional pain and suffering;

    (e)    Award reasonable attorneys' fees and costs to Plaintiff;

    (f)    Loss of past and future support and services with interest;

    (e)    Any and all past and future medical expenses for bodily injury and/or emotional injury stemming from the incidents;

    (g)    Punitive damages; and

    (h)    Any and all other and further relief as this Court may deem appropriate.

## TRIAL BY JURY

WHEREFORE, Plaintiff, hereby demands a trial by jury on all issues so triable.

DATED: April 17, 2025.

Respectfully Submitted,

 /s/Jasmine Rand
**Jasmine Rand, Esquire**
FBN: 0077047
**RAND LAW, L.L.C.**
2525 Ponce de Leon Blvd., Ste. 300
Miami, Florida 33134
(305) 906-6400 Telephone
(305) 503-9235 Facsimile
*Attorney for Plaintiffs*

 /s/Benjamin Crump
Benjamin Crump, Esquire
FBN: 0072583
BEN CRUMP LAW, PLLC
122 South Calhoun Street
Tallahassee, Florida 32301
(850) 224-2020 Telephone
(850) 224-2021 Facsimile
ben@bencrump.com
*Attorney for Plaintiffs*